UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 1 8 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Delliccia Honore-Richardson, )
)
    Plaintiff, )
)
v. ) Civil Action No.:
) 10 0828
State of Arizona et al., )
)
    Defendants. )

## MEMORANDUM OPINION

The plaintiff has filed an application to proceed without prepayment of fees and a pro se complaint. The application will be granted, and the complaint will be construed as one for habeas relief and dismissed for want of jurisdiction.

Plaintiff is a prisoner currently confined at the Maricopa County Estrella Jail in Phoenix, Arizona. In this action, she requests "immediate release" Complaint at 10,[1] a "copy of [her] legal agreement [with the United States] which the District Court should have," and other immediate emergency relief, *id.* at 2. The legal agreement she is seeking is alleged to be one granted to her by President George Bush, Sr., *id.* at 1, that will demonstrate that she is "superior and [is] due immunity," *id.* at 2. In her submissions, the plaintiff explains that she "is a princess who is being unlawfully held at Estrella Jail in Phoenix Arizona," and that "[c]opies of [her] legal agreement with the United States and also information regarding [her] trust fund account are in Washington DC." *Id.* at 4. Elaborating, she further explains that she "is a princess who was abducted at a

---

[1] The submission appears to be comprised of multiple documents, but it is not clear what they represent and, for clarity, are identified here by sequential page numbers generated by the Court's electronic docket.

very young age by her servants and was held in the United States." *Id.* at 5. This complaint appears to arise from "factual contentions [that] are clearly baseless" and "describ[e] fantastic or delusional scenarios," and warrants dismissal on that account. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (determining that courts have the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

In addition, however, because the plaintiff's ultimate goal in her complaint is immediate release based on a recognition of immunity, this action must be considered as a request for habeas relief and addressed to the prisoner's immediate custodian. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988) ("[A]s a matter of Congressional intent, prisoners mounting a challenge to the lawfulness of their custody are to proceed by means of habeas."). "[A] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner. . . . It is also well settled that the appropriate defendant in a habeas action is the custodian of the prisoner." *Id.* at 810 (internal quotation marks and citations omitted). Accordingly, this case will be dismissed for lack of subject matter jurisdiction.

A separate order accompanies this memorandum opinion.

Date: April 30, 2010

/s/ 
United States District Judge